IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **GENE NEVILS,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-0476 |
| | ) | |
| **JUDGE MICHAEL W. BINKLEY,** | ) | Judge Campbell |
| **D.A. SEAN DUDDY,**[1] **SHERIFF JEFF LONG,** | ) | |
| **and ATTORNEY STEVEN M. GARNER,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

**MEMORANDUM OPINION**

Plaintiff Gene Nevils' *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1) is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2).

**I.      Standard of Review**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of any complaint filed *in forma pauperis*, and must dismiss the complaint or any portion of it that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. The Court must read the *pro se p*laintiff's complaint indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A complaint may be dismissed for failure to state a claim if it fails "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Conducting the initial review in this case, the Court finds that the complaint seeks to assert claims against defendants who are immune from the relief sought, and otherwise fails to state a claim for which relief

---

[1] The Court notes that the Clerk incorrectly listed this defendant on the docket as "Sean Diddy."

can be granted.

## II. Discussion

The plaintiff names as defendants Judge Michael W. Binkley, Assistant District Attorney Sean Duddy, Sheriff Jeff Long, and defense counsel Steven Garner. The plaintiff appears to be complaining, primarily, about the bond having been set unconstitutionally high (at $250,000) in an ongoing criminal proceeding against him in Franklin, Tennessee, over which Judge Binkley presides. He alleges that defendant Duddy "fought" for the high bond even though he knew it violated the plaintiff's constitutional rights, and that his appointed defense counsel, Steven Garner, was ineffective insofar as he failed to file a motion to reduce the bond or to change venue. The plaintiff's claims against Sheriff Long are difficult to decipher, but he appears to allege that defendant Long has some type of conflict of interest. The plaintiff also asserts that various police officers under Long's supervision planted evidence in the plaintiff's criminal file. The plaintiff seeks damages in the amount of $4.5 million from each defendant. He seeks equitable relief in the form of an order from this Court requiring that his criminal case in Williamson County be transferred to another venue, that his bond be reduced to "a reasonable amount," and that the Court obtain his "recording from General Session 3-20-2012." (ECF No. 1, at 5.)

The plaintiff filed his complaint on the Court's form complaint for actions under 42 U.S.C. § 1983, so the Court presumes that the plaintiff seeks to bring claims under that statute. "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Thus, claims against entities or individuals who are not state actors and "persons" subject to suit under § 1983 are subject to dismissal. Likewise, claims that do not state a deprivation of a right secured by the Constitution or federal law are also subject to dismissal.

### A. Claims Against Judge Michael Binkley

The Honorable Judge Michael Binkley is entitled to absolute immunity from suit for damages. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (finding that a judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction);

*Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996) (citing *Mireles*, 502 U.S. at 9). The Sixth Circuit has described the immunity from suit enjoyed by judges as follows:

> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. The Supreme Court explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication. . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.

*Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001) (internal citations omitted).

The plaintiff's challenge to the proceedings involve the performance of judicial duties by Judge Binkley. Accordingly, the judge is absolutely immune from suit for damages related to such conduct.

Insofar as the plaintiff seeks equitable relief from Judge Binkley under 42 U.S.C. § 1983, the statute was amended in 1996 to extend absolute immunity for state judges to requests for injunctive or equitable relief in most situations. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."). The plaintiff here does not seek declaratory relief, nor does he show that declaratory relief is unavailable. Further, insofar as the plaintiff seeks relief from adverse decisions issued by a state court which are not yet final, he is not entitled to relief from this court on such claims because he has an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, the plaintiff could appeal orders issued by the state court to the appropriate higher state court. Since state law provides an adequate remedy for the plaintiff to challenge non-final orders, the plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id.* at 1243. Here, the "equitable relief" the plaintiff seeks from this Court is largely in the form of an appeal of certain non-final orders entered in the state court, such as the order setting bond. The appropriate avenue for seeking relief from an order by the state court is to appeal that order to the state appellate court. In short, Judge Binkley is

immune from the plaintiff's claims for equitable relief as well.

### B. Claims Against Assistant D.A. Sean Duddy

The plaintiff seeks to bring claims against the prosecuting attorney, Sean Duddy, in both his official and individual capacity, apparently on the basis that Duddy persuaded the judge to keep the plaintiff's bond very high, in violation of the plaintiff's constitutional rights.

Insofar as the plaintiff sues Duddy in his official capacity, because Duddy is a state official, an official-capacity claim against him is, in reality, a claim against the state. *See Hafer v. Melo*, 502 U.S. 21, 25, (1991) (suits against state officials in their official capacities "should be treated as suits against the State"); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity [the official represents]."). Consequently, the official-capacity suit against Duddy for damages is barred by the Eleventh Amendment. *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (noting that the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments").

An exception set forth in *Ex parte Young*, however, allows for "actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." *Thiokol Corp.*, 987 F.2d at 381 (describing the holding of *Ex parte Young*, 209 U.S. 123 (1908)). Suits for damages are not permitted against state officials, but "a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law . . . [because] it is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507–08 (6th Cir. 2008) (emphasis added) (quotation marks and internal citations omitted). The *Ex parte Young* exception does not, however, extend to any retroactive relief. *Quern v. Jordan*, 440 U.S. 332, 338 (1979). Indeed, if a plaintiff's complaint against state officials is "based entirely on past acts and not continuing conduct that, if stopped, would provide a remedy to them, . . . it . . . does not come under the doctrine of *Ex parte Young*." *Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003) (dismissing plaintiffs' claim for injunctive relief from state officials after determining their complaint was based entirely on past acts).

The plaintiff in this case seeks equitable relief, including "Bond to be reduced to a reasonable amount," and "All criminal cases to be move out of Williams County A.S.A.P." (ECF No. 1, at 5), but he does

not seek specifically to enjoin Duddy from violating federal law. Accordingly, the Court finds that the *Ex parte Young* exception does not permit an official capacity suit against Duddy for equitable relief in this case.

The individual capacity claims against Sean Duddy are barred under common-law principles of absolute prosecutorial immunity insofar as the acts for which the attorney is sued fall within the scope of his prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (holding that prosecutorial immunity encompasses immunity from § 1983 claims). Moreover, such immunity applies even where the plaintiff alleges that the prosecutor has acted with malice or dishonesty, *id.* at 427, or that the prosecutor knowingly presented false testimony at trial, *id.* at 431 n.34. Prosecutors also have absolute immunity for appearances at probable cause and grand jury hearings; evaluation of evidence and presentation of that evidence at pre-trial and trial proceedings; and preparation of witnesses for trial. *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003). The only exception to absolute immunity is that "when a prosecutor 'functions as an administrator rather than as an officer of the court' he is entitled only to qualified immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, (1993) (quoting *Imbler*, 424 U.S. at 431 n.33).

In this case, again, the plaintiff alleges only that defendant Duddy "fought" to keep the plaintiff's bond extremely high, even though he was aware that the unreasonably high bond violated the plaintiff's constitutional rights. The action of advocating for bail at a particular level was clearly within the scope of Duddy's prosecutorial duties and those of an advocate intimately associated with the judicial process. Duddy is therefore entitled to absolute prosecutorial immunity from suit for damages in relation to such claims.

Further, although it appears that Duddy would not necessarily be immune from suit for injunctive relief, *see Bolin*, 225 F.3d at 1242, in order to show that he is entitled to declaratory or injunctive relief, the plaintiff must establish that there was a constitutional violation, a serious risk of continuing irreparable injury if relief is not granted, and the absence of an adequate remedy at law. *Id.* The plaintiff here has a remedy at law: He can appeal to the o the Tennessee Court of Criminal Appeals, the Tennessee Supreme Court, and the United States Supreme Court. The plaintiff is not entitled to relief in this Court.

### C.     *Claims Against Attorney Steven Garner*

The plaintiff's suit against his own defense attorney, Steven Garner, must be dismissed because it fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Attorneys performing a lawyer's

traditional functions as counsel to a criminal defendant do not "act under color of state law" and are therefore not subject to suit under 42 U.S.C. § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–18 (1981). Even though the defective performance of a criminal defense attorney may cause the legal process to deprive an accused criminal defendant of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional action does not act under the color of state law within the meaning of § 1983. *Briscoe v. Lahue*, 460 U.S. 325, 329 n. 6 (1983); *Dunning v. Yuetter*, 12 F. App'x 282, 284 (6th Cir. 2001). The Court will therefore dismiss the claims against Attorney Garner.

### D. Claims Against Sheriff Jeff Long

The plaintiff does not indicate in what way Sheriff Long was personally involved in any violation of the plaintiff's federally guaranteed rights. He states only that Sheriff Long has some type of "conflict," and further alleges that certain Williamson County police officers framed the plaintiff by planting evidence.

To the extent the plaintiff seeks to hold Sheriff Long liable for the acts of his subordinate employees, he fails to state a claim under 42 U.S.C. § 1983. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325–26 (1981); *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 n.58 (1978). Rather, a party cannot be held liable under § 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See, e.g.*, *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982). Alternatively, supervisory officials can be held liable for the acts of their subordinates if plaintiff shows that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985).

The plaintiff does not remotely allege that defendant Long had any participation in allegedly unconstitutional conduct or that he failed to appropriately discharge his supervisory duties. In sum, the plaintiff does not allege any facts suggesting that defendant Long was personally involved in any of the activity that forms the basis of the plaintiff's claims. For that reason, the Court finds that the allegations in the complaint fail to state a claim against defendant Long under 42 U.S.C. § 1983.

**III.     Conclusion**

For the reasons set forth herein, the complaint will be dismissed for failure to state a claim under 42 U.S.C. § 1983 for which relief may be granted. An appropriate order is filed herewith.

_Todd Campbell_
Todd Campbell
United States District Judge