IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **GENE NEVILS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-0476 |
| | ) | |
| **JUDGE MICHAEL W. BINKLEY,** | ) | Judge Campbell |
| **D.A. SEAN DUDDY,**[1] **SHERIFF JEFF LONG,** | ) | |
| **and ATTORNEY STEVEN M. GARNER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff Gene Nevils has filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1), along with an incomplete Application to Proceed *in Forma Pauperis*. (ECF No. 2.)

**A.  The Application to Proceed as a Pauper**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). To do so, a plaintiff typically must submit an *in forma pauperis* affidavit, signed under penalty of perjury, and a certified trust fund account statement, as required by 28 U.S.C. § 1915(a)(2). Rather than requiring the plaintiff to submit a completed application at this time, the Court takes judicial notice of the application filed on March 21, 2013 and supplemented on April 4, 2013, in a related case also filed in the U.S. District Court for the Middle District of Tennessee, *Nevils v. Tennessee*, Case No. 3:13-cv-0261 (Application (ECF No. 2) and supplemental filing (ECF No. 9)). Because it is clear from his submissions in that case that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) is **GRANTED**.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments.

---

[1] The Court notes that the Clerk incorrectly listed this defendant on the docket as "Sean Diddy."

Accordingly, the plaintiff is hereby assessed the full $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to:

> Clerk, United States District Court, Middle District of Tennessee
> 801 Broadway
> Nashville, TN 37203

If the plaintiff is transferred to a different prison or released, he is **ORDERED** to notify the court immediately, in writing, of his change of address. If still confined, he **MUST** ensure that the officials at the new facility receive a copy of this order.

The Clerk of Court is **DIRECTED** send a copy of this order to the Administrator of the Williamson County Jail to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

It is further **ORDERED** that the plaintiff cooperate fully with prison officials in carrying out this order. If the plaintiff fails to abide any requirements of this order, the court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the court.

**B.  Initial Review of the Complaint**

The Court has performed the initial review required by 28 U.S.C. § 1915(e)(2), as set forth in the accompanying Memorandum Opinion, and finds that the claims against defendants Judge Michael Binkley and Assistant District Attorney Sean Duddy are subject to dismissal on the basis that these defendants are immune from suit for damages; defendant Steven Garner is not subject to liability under § 1983; the plaintiff fails to allege the personal involvement of Sheriff Jeff Long in any of the events giving rise to the plaintiff's claims; and the plaintiff fails to allege facts showing he would be entitled to equitable relief in this Court.

Accordingly, the complaint is hereby **DISMISSED WITHOUT PREJUDICE**, for failure to state a claim for which relief may be granted.

It is so **ORDERED**.

_Todd Campbell_
Todd Campbell
United States District Judge